**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| TINA WELLS | ) | |
| 731 13th Street, N.E. #1 | ) | |
| Washington, D.C.  20002, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| INTERSOLUTIONS, INC. | ) | |
| 1418 Pennsylvania Avenue, S.E. | ) | |
| Washington, D.C. 20003, | ) | Complaint |
| | ) | |
| DREW GOLIN | ) | Jury Trial Demanded |
| 1331 North Carolina Avenue, N.E. | ) | |
| Washington, D.C. 20002, | ) | |
| | ) | |
| SARAH WALDER | ) | |
| 1331 North Carolina Avenue, N.E. | ) | |
| Washington, D.C. 20002, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Tina Wells, through her undersigned attorneys, for her Complaint against defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively, "defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to recover overtime pay due and wrongfully denied to her by defendants in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and D.C. Code § 32-1001, *et seq.* (2006).

2.     Defendants' failure to pay plaintiff overtime compensation to which she was owed was knowing, willful, and intentional, and part of a larger pattern and practice of denying overtime pay to InterSolutions employees.

## THE PARTIES

3.     Plaintiff Tina Wells is an individual who resides in the District of Columbia.

4.     InterSolutions is a District of Columbia corporation, with its principal place of business in the District of Columbia, and satellite offices in Maryland, Virginia, and Pennsylvania.

5.     InterSolutions is engaged in interstate commerce, as it owns, operates, and manages offices in Washington, D.C., Maryland, Virginia, and Pennsylvania, and provides temporary employment services in all of those jurisdictions.

6.     InterSolutions is an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

7.     Defendants Golin and Walder, husband and wife, are co-owners of InterSolutions. Golin and Walder reside in the District of Columbia.

8.     The acts charged in this Complaint were done by or at the direction of defendants InterSolutions, Golin, and Walder.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10.     This Court has jurisdiction over Count II pursuant to 29 U.S.C. § 1292(b).

11.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(c), because InterSolutions, Golin, and Walder are subject to personal jurisdiction in this District.  Venue in

this district is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the

events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.     InterSolutions is in the business of providing staffing to residential and

commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New

Jersey.  This staffing includes, among others, front desk/concierge personnel, leasing personnel,

and maintenance personnel.

13.     Plaintiff was hired by InterSolutions on January 29, 2005.  She was initially hired

as a temporary employee staffed as a leasing consultant to one of InterSolutions' clients.  This

was an hourly-paid position.

14.     After approximately two weeks of employment, plaintiff was offered and

accepted a new position in InterSolutions' main office in the District of Columbia.  She was

given the title of Human Resources Coordinator.

15.     Plaintiff was paid on a salary basis for work that she performed as Human

Resources Coordinator at InterSolutions.  The amount of her pay did not depend upon the

number of hours she worked in this capacity in a given workweek.

16.     In the position of Human Resources Coordinator, plaintiff's job duties consisted

of (a) various clerical-type tasks related to job applicants and new hires; (b) screening applicants

based on criteria provided by defendants; and (c) general receptionist and clerical-type tasks in

InterSolutions' office.  In particular, she answered InterSolutions' main phone line and directed

calls to the appropriate individual; input information on job applicants into InterSolutions'

computer; downloaded job applicant information collected at employment websites onto

InterSolutions' computer; used a computer service to run background checks on job applicants to

screen out applicants with criminal records; conducted phone screening interviews of new applicants based on a list of questions provided by InterSolutions; checked the references of job applicants; processed paperwork for new employees hired by InterSolutions, such as W-2 and I-9 forms; assisted in the orientation of new InterSolutions employees by distributing paperwork, verifying that all employment forms were signed, making and distributing copies of paperwork to the new employees, and playing training video tapes during orientation sessions; renewed the posting date on InterSolutions' online job advertisements; and ordered office supplies and lunches.

17.    Plaintiff worked as an assistant to and was supervised by InterSolutions' Human Resources Manager.

18.    Plaintiff regularly worked in excess of forty (40) hours per week performing the duties assigned to her as Human Resources Coordinator at InterSolutions.

19.    On multiple occasions while employed by InterSolutions as its Human Resources Coordinator, plaintiff also worked as a front desk concierge at properties owned by InterSolutions' clients.

20.    Plaintiff was paid an hourly rate for the time she worked as a concierge for InterSolutions.

21.    Some or all of the hours worked by plaintiff as a front desk concierge were in addition to forty (40) or more hours that she worked as Human Resources Coordinator at InterSolutions during the same week.

22.    During her tenure of employment with InterSolutions, Plaintiff did not supervise two or more persons and had no management responsibilities.

23.     During her tenure of employment with InterSolutions, plaintiff's job duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

24.     During her tenure of employment with InterSolutions, plaintiff exercised little, if any, discretion or independent judgment in carrying out her duties for defendants.  The screening of job candidates that plaintiff undertook during the course of her work for defendants was done pursuant to standards and guidelines provided by defendants.

25.     During her tenure of employment with InterSolutions, plaintiff did not have decision-making authority regarding hiring, placement, or firing decisions.

26.     During her tenure of employment with InterSolutions, any discretion or independent judgment exercised by plaintiff did not relate to matters of significance, as defined by applicable regulations.

27.     During her tenure of employment with InterSolutions, plaintiff's duties were primarily clerical and routine in nature.

28.     During her tenure of employment with InterSolutions, plaintiff's primary job duty was not of substantial importance to the management or general business operations of InterSolutions.

29.     During her tenure of employment with InterSolutions, defendants did not pay plaintiff time-and-one-half her regular hourly rate for any hours in excess of forty (40) that she worked in any workweek.

30.     Defendants Golin and/or Walder had decision-making authority over InterSolutions' payroll policies and practices, including but not limited to rate of pay, overtime

hours, and method of payment; the maintenance of employee records; and the power to hire or fire employees.

31.     Defendants Golin and/or Walder had daily supervisory control over InterSolutions' payroll practices and activities, and had operational control over all aspects of InterSolutions' day-to-day functions beyond payroll practices and activities.

32.     Defendants were aware at all relevant times that their overtime practices did not comport with applicable law.

33.     The compensation policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA, as well as of the laws of the District of Columbia.

## COUNT I:  VIOLATION OF THE FLSA

34.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-33 above.

35.     Plaintiff was employed by InterSolutions from January 29, 2005 until May 12, 2006.

36.     During her tenure of employment with InterSolutions, plaintiff worked more than forty (40) hours during numerous workweeks.

37.     During her tenure of employment with InterSolutions, plaintiff was not exempt from the FLSA's overtime pay requirements.

38.     During her tenure of employment with InterSolutions, defendants failed to pay plaintiff or caused plaintiff not to be paid for overtime at a rate of one-and-a-half times her regular rate.

39.    By their conduct set forth herein, defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay plaintiff overtime compensation at one and one-half her regular hourly rate for all hours worked in excess of forty (40) hours during a given workweek.

40.    Defendants' violations of the FLSA, 29 U.S.C. § 207(a), were repeated, willful, and intentional.

41.    Plaintiff has been damaged by said violations of the FLSA.

42.    For their violation of the FLSA, defendants are liable to plaintiff for back pay, liquidated damages, and costs and reasonable attorneys' fees incurred in the litigation of this action.

## COUNT II:  VIOLATION OF DISTRICT OF COLUMBIA LAW

43.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-33 above.

44.    Plaintiff was employed by InterSolutions from January 29, 2005 until May 12, 2006.

45.    During her tenure of employment with InterSolutions, plaintiff worked more than forty (40) hours during numerous workweeks.

46.    During her tenure of employment with InterSolutions, plaintiff was not exempt from overtime pay requirements.

47.    During her tenure of employment with InterSolutions, defendants failed to pay plaintiff or caused plaintiff not to be paid for overtime at a rate of one-and-a-half times her regular rate.

48. By their conduct, as set forth herein, defendants violated D.C. Code § 32-1003 by failing to pay plaintiff overtime compensation at one and one-half her regular hourly rate for all hours that she worked in excess of forty (40) hours during any workweek.

49. Defendants' violations of D.C. Code § 32-1003 were repeated, willful, and intentional.

50. Plaintiff has been damaged by said violations of D.C. Code § 32-1003.

51. Pursuant to D.C. Code § 32-1012, defendants are liable to plaintiff for unpaid wages and liquidated damages, plus costs and reasonable attorneys' fees incurred in the litigation of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine the damages sustained by plaintiff as a result of defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award such back pay against defendants in favor of plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law; and

B. Determine the damages sustained by plaintiff as a result of defendants' willful and intentional violations of D.C. Code § 32-1003, and award all appropriate damages resulting therefrom to plaintiff; and

C. Award plaintiff the costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants', investigators', and expert fees; and

D.  Grant plaintiff such other and further relief as the Court may deem just and proper or that is allowed under any Federal or state law violated by defendants' conduct described herein.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

Dated: November 29, 2006

Respectfully submitted,

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Tina Wells*

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tina Wells | InterSolutions, Inc., Drew Golin, and Sarah Walder |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Washington, DC | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Thomas J. Mikula, Adam M. Chud, Sarah Keast, Goodwin Procter LLP, 901 New York Ave., NW, Washington, DC 20001, Tel: (202) 346-4000, Fax: 202-346-4444; Susan E. Huhta, Carolyn P. Weiss, Washington Lawyer's Committee for Civil Rights and Urban Affairs, 11 Dupont Circle, NW, Washington, DC 20036, Tel: (202) 319-1000, Fax: 202-319-1010 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ● E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ◉ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. §§201, et seq.  This action is brought over failure to pay overtime wages as required by the Fair Labor Standards Act and DC law.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 11/29/06   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.