**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TINA WELLS ) | |
| 731 13th Street, N.E. #1 ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| LAWRENCE EVERETT BETHEA II ) | |
| 13920 Castle Boulevard # L14 ) | |
| Silver Spring, MD 20903 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-02033 (EGS) |
| ) | |
| INTERSOLUTIONS, INC. ) | |
| 1418 Pennsylvania Avenue, S.E. ) | |
| Washington, D.C. 20003, ) | First Amended Complaint |
| ) | |
| DREW GOLIN ) | Jury Trial Demanded |
| 1331 North Carolina Avenue, N.E. ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| SARAH WALDER ) | |
| 1331 North Carolina Avenue, N.E. ) | |
| Washington, D.C. 20002, ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiffs Tina Wells and Lawrence Everett Bethea II, by and through their undersigned attorneys, for their Complaint against Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action to recover overtime pay due and wrongfully denied to them by Defendants in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and D.C. Code § 32-1001, *et seq.* (2006).

2. Defendants' failure to pay plaintiffs overtime compensation to which they were owed was knowing, willful, and intentional, and part of a larger pattern and practice of denying overtime pay to InterSolutions employees.

## THE PARTIES

3. Plaintiff Tina Wells is an individual who resides in the District of Columbia.

4. Plaintiff Lawrence Everett Bethea II is an individual who resides in the State of Maryland.

5. InterSolutions is a District of Columbia corporation, with its principal place of business in the District of Columbia, and satellite offices in Maryland, Virginia, and Pennsylvania.

6. InterSolutions is engaged in interstate commerce, as it owns, operates, and manages offices in Washington, D.C., Maryland, Virginia, and Pennsylvania, and provides temporary employment services in all of those jurisdictions.

7. InterSolutions is an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

8. Defendants Golin and Walder, husband and wife, are co-owners of InterSolutions. Golin and Walder reside in the District of Columbia.

9. The acts charged in this Complaint were done by or at the direction of Defendants InterSolutions, Golin, and Walder.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. This Court has jurisdiction over Count II pursuant to 29 U.S.C. § 1367.

12. Venue in this district is proper pursuant to 28 U.S.C. § 1391(c), because InterSolutions, Golin, and Walder are subject to personal jurisdiction in this District. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13. InterSolutions is in the business of providing staffing to residential and commercial properties in the District of Columbia, Maryland, Virginia, Pennsylvania, and New Jersey. This staffing includes, among others, front desk/concierge personnel, leasing personnel, and maintenance personnel.

14. Plaintiff Wells was hired by InterSolutions on January 29, 2005. She was initially hired as a temporary employee staffed as a leasing consultant to one of InterSolutions' clients. This was an hourly-paid position.

15. After approximately two weeks of employment, plaintiff Wells was offered and accepted a new position in InterSolutions' main office in the District of Columbia. She was given the title of Human Resources Coordinator.

16. Plaintiff Wells was paid on a salary basis for work that she performed as Human Resources Coordinator at InterSolutions. The amount of her pay did not depend upon the number of hours she worked in this capacity in a given workweek.

17.     In the position of Human Resources Coordinator, plaintiff Wells' job duties consisted of (a) various clerical-type tasks related to job applicants and new hires; (b) screening applicants based on criteria provided by Defendants; and (c) general receptionist and clerical-type tasks in InterSolutions' office.  In particular, she answered InterSolutions' main phone line and directed calls to the appropriate individual; input information on job applicants into InterSolutions' computer; downloaded job applicant information collected at employment websites onto InterSolutions' computer; used a computer service to run background checks on job applicants to screen out applicants with criminal records; conducted phone screening interviews of new applicants based on a list of questions provided by InterSolutions; checked the references of job applicants; processed paperwork for new employees hired by InterSolutions, such as W-2 and I-9 forms; assisted in the orientation of new InterSolutions employees by distributing paperwork, verifying that all employment forms were signed, making and distributing copies of paperwork to the new employees, and playing training video tapes during orientation sessions; renewed the posting date on InterSolutions' online job advertisements; and ordered office supplies and lunches.

18.     Plaintiff Wells worked as an assistant to and was supervised by InterSolutions' Human Resources Manager.

19.     Plaintiff Wells regularly worked in excess of forty (40) hours per week performing the duties assigned to her as Human Resources Coordinator at InterSolutions.

20.     On multiple occasions while employed by InterSolutions as its Human Resources Coordinator, plaintiff Wells also worked as a front desk concierge at properties owned by InterSolutions' clients.

21.     Plaintiff Wells was paid an hourly rate for the time she worked as a concierge for InterSolutions.

22.     Some or all of the hours worked by plaintiff Wells as a front desk concierge were in addition to forty (40) or more hours that she worked as Human Resources Coordinator at InterSolutions during the same week.

23.     During her tenure of employment with InterSolutions, plaintiff Wells did not supervise two or more persons and had no management responsibilities.

24.     During her tenure of employment with InterSolutions, plaintiff Wells' job duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

25.     During her tenure of employment with InterSolutions, plaintiff Wells exercised little, if any, discretion or independent judgment in carrying out her duties for Defendants. The screening of job candidates that plaintiff undertook during the course of her work for Defendants was done pursuant to standards and guidelines provided by Defendants.

26.     During her tenure of employment with InterSolutions, plaintiff Wells did not have decision-making authority regarding hiring, placement, or firing decisions.

27.     During her tenure of employment with InterSolutions, any discretion or independent judgment exercised by plaintiff Wells did not relate to matters of significance, as defined by applicable regulations.

28.     During her tenure of employment with InterSolutions, plaintiff Wells' duties were primarily clerical and routine in nature.

29. During her tenure of employment with InterSolutions, plaintiff Wells' primary job duty was not of substantial importance to the management or general business operations of InterSolutions.

30. During her tenure of employment with InterSolutions, Defendants did not pay plaintiff Wells time-and-one-half her regular hourly rate for any hours in excess of forty (40) that she worked in any workweek.

31. Plaintiff Bethea was hired by InterSolutions in the Fall of 2004. He was initially hired as a temporary employee to provide front desk concierge services to residential buildings in and around the Washington, D.C. metropolitan area. Plaintiff Bethea was paid an hourly rate for the time he worked as a front desk concierge.

32. In or about January 2005, plaintiff Bethea was offered and accepted a new, full-time position in InterSolutions' main office in the District of Columbia. He was given the title of Staffing Assistant.

33. From approximately January 2005 until approximately July 2005, Plaintiff Bethea was paid on an hourly basis for work that he performed as a Staffing Assistant.

34. In approximately July 2005, InterSolutions began paying plaintiff Bethea a salary for work that he performed as a Staffing Assistant.

35. In the position of Staffing Assistant, plaintiff Bethea placed temporary employees in front-desk concierge assignments at area buildings. Plaintiff Bethea also conducted basic screening interviews based upon questionnaires provided by Defendants and participated in orientation of new temporary concierge employees based upon scripts provided by Defendants.

36. Plaintiff Bethea worked as an assistant to and was supervised by Linda Green, Staffing Manager of the Concierge Division.

37. Plaintiff Bethea regularly worked in excess of forty (40) hours per week performing the duties assigned to him as a Staffing Assistant at InterSolutions.

38. While employed by InterSolutions as a Staffing Assistant in its Concierge Division, plaintiff Bethea frequently worked as a front desk concierge at properties owned by InterSolutions' clients in addition to performing his duties of Staffing Assistant.

39. Plaintiff Bethea was paid an hourly rate for the time when he worked as a front-desk concierge in addition to his duties as Staffing Assistant. He was paid an hourly rate for this work both during time he was paid an hourly rate as a Staffing Assistant and during the time he was paid a salary as a Staffing Assistant.

40. While plaintiff Bethea was employed as a Staffing Assistant, some or all of the hours he worked as a front desk concierge were in addition to forty (40) or more hours that he worked as a Staffing Assistant at InterSolutions during the same week.

41. In approximately February 2006, Plaintiff Bethea left his Staffing Assistant position. From then until as recently as November or December 2006, plaintiff Bethea performed temporary work as a front-desk concierge in residential commercial buildings in and around the Washington, D.C. metropolitan area for Defendant InterSolutions.

42. During his tenure of employment with InterSolutions, plaintiff Bethea did not supervise two or more persons and had no management responsibilities.

43. During his tenure of employment with InterSolutions, plaintiff Bethea's job duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

44. During his tenure of employment with InterSolutions, plaintiff Bethea exercised little, if any, discretion or independent judgment in carrying out his duties for Defendants.

45. During his tenure of employment with InterSolutions, any discretion or independent judgment exercised by plaintiff Bethea did not relate to matters of significance, as defined by applicable regulations.

46. During his tenure of employment with InterSolutions, plaintiff Bethea did not have decision-making authority regarding hiring, discipline, or firing decisions.

47. During his tenure of employment with InterSolutions, plaintiff Bethea did not have the authority to formulate, affect, or interpret management policies or operating procedures, or to deviate from such policies or procedures without approval.

48. During his tenure of employment with InterSolutions, plaintiff Bethea did not have the authority to commit InterSolutions in matters that had a significant financial impact on the company or to negotiate and bind the company on significant matters.

49. During his tenure of employment with InterSolutions, plaintiff Bethea did not provide consultation or expert advice to management or help plan business objectives.

50. During his tenure of employment with InterSolutions, plaintiff Bethea did not otherwise engage in matters of significance or substantial importance to the management or general business operations of InterSolutions.

51. During his tenure of employment with InterSolutions, Defendants did not pay plaintiff Bethea time-and-one-half his regular hourly rate for many of the hours in excess of forty (40) that he worked in any workweek.

52. Defendants failure to pay plaintiff Bethea time-and-one-half his regular hourly rate includes hours that plaintiff Bethea worked as a Staffing Assistant when he was an hourly employee, hours that he worked as a Staffing Assistant when he was a salaried employee, hours that he worked as a front-desk concierge while he was employed as a Staffing Assistant (both

when hourly and when salaried), and hours that he worked as a front-desk concierge when that was his only position with InterSolutions.

53. Defendants Golin and/or Walder had decision-making authority over InterSolutions' payroll policies and practices, including but not limited to rate of pay, overtime hours, and method of payment; the maintenance of employee records; and the power to hire or fire employees.

54. Defendants Golin and/or Walder had daily supervisory control over InterSolutions' payroll practices and activities, and had operational control over all aspects of InterSolutions' day-to-day functions beyond payroll practices and activities.

55. Defendants were aware at all relevant times that their overtime practices did not comport with applicable law.

56. The compensation policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA, as well as of the laws of the District of Columbia.

## COUNT I: VIOLATION OF THE FLSA

57. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1-56 above.

58. Plaintiff Wells was employed by InterSolutions from January 29, 2005 until May 12, 2006.

59. Plaintiff Bethea was employed by InterSolutions starting in the Fall of 2004 and remains an active temporary employee of InterSolutions.

60. During Plaintiffs tenure of employment with InterSolutions, they worked more than forty (40) hours during numerous workweeks.

61. During their tenure of employment with InterSolutions, plaintiffs were not exempt from the FLSA's overtime pay requirements.

62. During plaintiffs' tenure of employment with InterSolutions, Defendants failed to pay plaintiffs or caused plaintiffs not to be paid for overtime at a rate of one-and-a-half times their regular rate.

63. By their conduct set forth herein, Defendants violated the FLSA, 29 U.S.C. § 207(a), by failing to pay plaintiffs overtime compensation at one and one-half their regular hourly rate for all hours worked in excess of forty (40) hours during a given workweek.

64. Defendants' violations of the FLSA, 29 U.S.C. § 207(a), were repeated, willful, and intentional.

65. Plaintiffs have been damaged by said violations of the FLSA.

66. For their violation of the FLSA, Defendants are liable to plaintiffs for back pay, liquidated damages, and costs and reasonable attorneys' fees incurred in the litigation of this action.

## COUNT II:  VIOLATION OF DISTRICT OF COLUMBIA LAW

67. Plaintiffs re-allege and incorporates by reference the allegations contained in paragraphs 1-56 above.

68. Plaintiff Wells was employed by InterSolutions from January 29, 2005 until May 12, 2006.

69. Plaintiff Bethea was employed by InterSolutions starting in the Fall of 2004 and remains an active temporary employee of InterSolutions.

70. During plaintiffs' tenure of employment with InterSolutions, plaintiffs worked more than forty (40) hours during numerous workweeks.

71. During their tenure of employment with InterSolutions, plaintiffs were not exempt from overtime pay requirements.

72. During plaintiffs' tenure of employment with InterSolutions, Defendants failed to pay plaintiffs or caused plaintiffs not to be paid for overtime at a rate of one-and-a-half times their regular rate.

73. By their conduct, as set forth herein, Defendants violated D.C. Code § 32-1003 by failing to pay plaintiffs overtime compensation at one and one-half their regular hourly rate for all hours that they worked in excess of forty (40) hours during any workweek.

74. Defendants' violations of D.C. Code § 32-1003 were repeated, willful, and intentional.

75. Plaintiffs have been damaged by said violations of D.C. Code § 32-1003.

76. Pursuant to D.C. Code § 32-1012, Defendants are liable to plaintiffs for unpaid wages and liquidated damages, plus costs and reasonable attorneys' fees incurred in the litigation of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Determine the damages sustained by plaintiffs as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award such back pay against Defendants in favor of plaintiffs, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment and post-judgment interest as may be allowed by law; and

B.    Determine the damages sustained by plaintiffs as a result of Defendants' willful and intentional violations of D.C. Code § 32-1003, and award all appropriate damages resulting therefrom to plaintiffs; and

C.    Award plaintiffs the costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants', investigators', and expert fees; and

D.    Grant plaintiffs such other and further relief including, but not limited to, injunctive relief, as the Court may deem just and proper or that is allowed under any Federal or state law violated by Defendants' conduct described herein.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims so triable.

Dated: January 24, 2007

Respectfully submitted,

\_\_\_\_//s//_____
Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel.: (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
   Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C.  20036
Tel.: (202) 319-1000
Fax:  (202) 319-1010

*Counsel for Tina Wells and Lawrence Everett Bethea II*