## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA WELLS, ) | |
| ) | |
| LAWRENCE EVERETT BETHEA II ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:06-cv-02033-EGS |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, ) | |
| SARAH WALDER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' AMENDED COMPLAINT

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to as "Defendants"), by and through undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Counts I and II of Plaintiff Tina Wells' ("Plaintiff Wells") Amended Complaint and for partial dismissal of Plaintiff Lawrence Everett Bethea II's ("Plaintiff Bethea") Amended Complaint for failure to state a claim upon which relief can be granted ("Motion").

Plaintiff Wells and Plaintiff Bethea have filed an Amended Complaint alleging that Defendants violated both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the corresponding District of Columbia law, D.C. Code § 32-1001, *et seq.* (2006), because Plaintiff Wells and Plaintiff Bethea were not paid overtime compensation to which they were entitled (Amended Complaint ¶¶ 62, 72.)

Plaintiff Wells has not stated a claim upon which relief can be granted because, even taking all of the facts in the Amended Complaint as true, Plaintiff Wells is exempt from the overtime pay requirements under Dept. of Labor Regulations.  Plaintiff Bethea has not stated a claim upon which relief can be granted because, even taking all of the facts in the Amended Complaint as true, Plaintiff Bethea was exempt from the overtime pay requirements for the period that he was working as a salaried employee at InterSolutions' headquarters from July 2005 to February 2006.  (Amended Complaint ¶¶ 32, 41.)  The grounds for this Motion are set forth in more detail in the accompanying Memorandum In Support of this Motion, which is incorporated herein by reference.

WHEREFORE, Defendant moves this Court to dismiss the entirety of Counts I and II of Plaintiff Wells' Amended Complaint with prejudice for failure to state any claim upon which relief may be granted.  Defendant further moves this Court to dismiss Counts I and II of Plaintiff Bethea's Amended Complaint as to the period between July 2005 and February 2006.

Respectfully submitted,


__/s/_Manesh K. Rath_____
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*
Jeremy W. Brewer (D.C. Bar No. 488670)
*brewer@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

2

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 7, 2007, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Chanel Cryer, et al.

___/s/  Manesh K. Rath_____
Manesh K. Rath, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TINA WELLS,                                      )
                                                 )
LAWRENCE EVERETT BETHEA II                       )
                                                 )
        Plaintiffs,              )
                                                 )
        v.                       )     Case No.: 1:06-cv-02033-EGS
                                                 )
INTERSOLUTIONS, INC.,                            )
DREW GOLIN,                                      )
SARAH WALDER,                                    )
                                                 )
        Defendants.              )
_____)

### MEMORANDUM IN SUPPORT OF DEFENDANTS'
### MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

      Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to

as "Defendants"), by and through undersigned counsel, submit the following Memorandum in

Support of their Motion to Dismiss Counts I and II of Plaintiff Tina Wells' ("Plaintiff Wells")

and Plaintiff Lawrence Everett Bethea II's ("Plaintiff Bethea") Amended Complaint pursuant to

Fed. R. Civ. P. 12(b)(6).

### PROCEDURAL AND FACTUAL HISTORY

**A. Procedural History and Background.**

      On November 29, 2006, Plaintiff Wells filed a Complaint alleging that Defendants

violated both the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the corresponding District of Columbia

Wage and Hour Law, D.C. Code Ann. § 32-1001, *et seq.* (2006), on the alleged grounds that

Plaintiff was not paid overtime compensation to which she was entitled (Document No. 1-1,

Complaint ¶¶ 1 – 2.)   On January 24, 2007, Plaintiff Wells and Plaintiff Bethea filed an

Amended Complaint containing the same allegations that Defendants violated both the FLSA, 29

U.S.C. §§ 201, *et seq.*, and the corresponding District of Columbia Wage and Hour Law, D.C.

Code Ann. § 32-1001, *et seq.* (2006), on the alleged grounds that both Plaintiffs were not paid

overtime compensation to which they were entitled (Document No. 9, Amended Complaint ¶¶ 1

– 2.)  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants hereby file this Memorandum in Support

of its Motion to Dismiss.

    **B.  Plaintiff Wells' Amended Complaint.**

    Plaintiffs allege that InterSolutions is a business that specializes in providing staffing for

residential and commercial properties in the District of Columbia, Maryland, Virginia,

Pennsylvania, and New Jersey.  (Amended Complaint ¶ 13.)  Plaintiff Wells is a former

employee of InterSolutions, Inc., and was hired by InterSolutions, Inc. on January 29, 2005.

(Amended Complaint ¶ 14.)  Plaintiff Wells was employed at InterSolutions, Inc. until May 12,

2006.  (Amended Complaint ¶ 68.)  Plaintiff Wells was initially hired as a temporary employee

staffed as a leasing consultant to one of InterSolutions' clients.  (Amended Complaint ¶ 14).

After approximately two weeks of employment, Plaintiff Wells was offered and accepted a full-

time, internal position as a Human Resources Coordinator in InterSolutions' Washington, D.C.

office.  (Amended Complaint ¶ 15.)  Plaintiff Wells was paid on a salary basis for the work she

performed as InterSolutions' Human Resources Coordinator.  (Amended Complaint ¶16.)

    Plaintiff Wells performed several exempt tasks as Human Resources Coordinator.  First,

Plaintiff Wells admits handling managerial-type tasks associated with screening applicants and

training new employees.  (Amended Complaint ¶ 17.)   Plaintiff Wells also admits that she

conducted interviews of new applicants, checked job references for new applicants, and handled

sensitive and confidential information such as employees' W-2 and I-9 forms and criminal

background checks.  (Amended Complaint ¶ 17.)  In addition to these tasks, Plaintiff Wells

admits that she maintained InterSolutions' applicant database by downloading applicant information from employment websites onto InterSolutions' computer, adding job applicant information into InterSolutions' computer, and renewing the postings on InterSolutions' online job advertisements. (Amended Complaint ¶ 17.)

Despite the fact that she was expressly designated as an exempt employee, Plaintiff Wells contends that Defendants denied payment of overtime wages to Plaintiff Wells at the required rate of one-and-a-half times the employees' regular rate. (Amended Complaint ¶ 30.)

### C. Plaintiff Bethea's Amended Complaint.

Plaintiff Bethea was hired by InterSolutions, Inc. in the Fall of 2004 as a temporary employee to provide front desk concierge services to InterSolutions clients. (Amended Complaint ¶ 31.) In or about January 2005, Plaintiff Bethea accepted a full-time position as a Staffing Assistant[1] in InterSolutions' corporate headquarters in Washington, D.C. (Amended Complaint ¶¶ 31, 32.) As a Staffing Assistant, Plaintiff Bethea was paid on an hourly basis from January 2005 until July 2005, and was paid on a salary basis from approximately July 2005 until February 2006. (Amended Complaint ¶¶ 33, 34.) Thus, Plaintiff Bethea admits that in July 2005, Plaintiff Bethea became a salaried employee for the work he performed as a Staffing Assistant in InterSolutions' corporate headquarters. (Amended Complaint ¶ 34.)

As a Staffing Assistant, Plaintiff Bethea admits that he was responsible for placing temporary employees in front-desk concierge assignments for InterSolutions' clients. (Amended Complaint ¶ 35.) As a Staffing Assistant, Plaintiff Bethea also admits that he was responsible for conducting screening interviews of potential temporary employees. (Amended Complaint ¶

---

[1] For the purpose of this Motion and Memorandum in Support, Defendants must treat the alleged facts in the Amended Complaint as true, pursuant to Fed. R. Civ. P. 12(b)(6). However, Defendants reserve the right to deny in the future that Plaintiff Bethea's title was "Staffing Assistant," and reserve the right to argue that his true and correct title was "Staffing Coordinator."

35.)  Plaintiff Bethea admits that he was also responsible for conducting orientation for new InterSolutions temporary concierge employees.  (Amended Complaint ¶ 35.)

In approximately February 2006, Plaintiff Bethea left his role as Staffing Assistant and returned to performing temporary work on behalf of InterSolutions, Inc. as a front-desk concierge.  (Amended Complaint ¶ 41.)  As of the filing date of the Amended Complaint, Plaintiff Bethea remains an active temporary employee of InterSolutions.  (Amended Complaint ¶ 69.)

Plaintiff Bethea contends that Defendants denied payment of overtime wages to Plaintiff Bethea at the required rate of one-and-a-half times the employees' regular rate for his entire tenure at InterSolutions, Inc., including the period he worked as a salaried Staffing Assistant between July 2005 and February 2006.  (Amended Complaint ¶¶ 51, 52.)

## ARGUMENT

Plaintiff Wells fails to allege facts sufficient to support any cause of action set forth in Counts I and II of the Amended Complaint.  As such, both counts should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff Bethea fails to allege facts sufficient to support the causes of action set forth in Counts I and II of the Amended Complaint for the period that he was a salaried employee from approximately July 2005 to February 2006.  As such, Plaintiff Bethea's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as to that period of time.

I.      **The Standard for Dismissing a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) under the FLSA.**

A.      **The standard for dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6).**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the District Court for the District of Columbia must assume the truth of the facts alleged in the complaint and may grant the motion only if "it appears beyond a doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Fudali v. Pivotal Corporation*, 310 F.

Supp. 2d 22, 24 (D.D.C. 2004)(J. Sullivan); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);

*Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint is construed liberally in

the moving party's favor, and a court should grant the moving party the benefit of all inferences

that can be derived from the alleged facts. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271,

1276 (D.C. Cir. 1994). However, a court "need not accept the legal conclusions of the non-

moving party." *Marsh v. Hollander*, 339 F. Supp. 2d 1, 5 (D.D.C. 2004), *citing Taylor v. FDIC*,

132 F.3d 753, 762 (D.C. Cir. 1997).

A motion to dismiss "tests not whether the plaintiff will prevail on the merits, but

whether the plaintiff has properly stated a claim." *Adams v. Hitt Contracting, Inc.,* Slip Opinion,

2005 WL 1903547, at *2 (D.D.C. July 11, 2005), *citing Chandamuri v. Georgetown Univ.,* 274

F. Supp. 2d 71, 76 (D.D.C. 2003). A plaintiff need only provide "'a short and plain statement of

the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Conley*, 355 U.S. at 47.

> **B.     This Court may dismiss the Plaintiffs' overtime claims because the Court
> may determine that the Plaintiffs are exempt from overtime pay as a matter
> of law.**

The ultimate decision whether an employee is exempt from the FLSA's overtime

compensation provisions is a matter of law. *Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d

326, 331 (5th Cir. 2000). Because a plaintiff's exempt status is a legal determination, this court

may dismiss the case pursuant to Rule 12(b)(6) where the facts alleged in the Amended

Complaint demonstrate that the employee is exempt as a matter of law. Furthermore, the

Secretary of Labor's regulations on the administrative exemption have the "force and effect of

law." *Gagnon v. Resource Tech., Inc.*, 19 Fed. Appx. 745, 2001 WL 909028 (10th Cir. 2001);

*citing Batterton v. Francis*, 432 U.S. 416, 425 n. 9 (1977).

**II.    Count I:  The Plaintiffs have failed to allege any facts that support a claim under the federal Fair Labor Standards Act.**

    **A.    Based on the facts alleged in the Amended Complaint, Plaintiff Wells and Plaintiff Bethea are "exempt" from overtime pay under the FLSA due to the administrative exemption.**

Count I of the Amended Complaint contains a count under the federal Fair Labor Standards Act ("FLSA").  The overtime provisions of Section 207 of the FLSA, 29 U.S.C. § 207, clearly exempt from coverage any employee in "a bona fide executive, *administrative*, or professional capacity."  29 U.S.C. § 213(a)(1) (emphasis added).  Defendants contend that Plaintiffs may be exempt under more than one exemption, and reserve the right to plead as much if necessary.  For the purposes of this Motion and Memorandum in Support, it is sufficient that Plaintiffs' Amended Complaint admits facts which render fatal their attempt to state a claim due to the administrative exemption.  *29 C.F.R. § 541.200(a)(1)–(3).*

Plaintiff Wells is exempt from overtime pay under the U.S. Department of Labor's well-established "administrative" exemption.  Plaintiff Bethea is also exempt from overtime pay under the administrative exemption for the work he performed between July 2005 and February 2006.  Under the Department of Labor regulations implementing the FLSA, the term "employee employed in a bona fide administrative capacity" means any employee:

- compensated on a salary or fee basis of not less than $455 per week; and

- whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

- whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  29 C.F.R. § 541.200(a)(1)–(3).

The administrative exemption regulations specifically state that work directly related to the management or general business operations includes, but is not limited to, work in functional

areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; *personnel management; human resources*; *employee benefits*, *internet and database administrations*; and similar activities. *29 C.F.R. § 541.201(b)*(emphasis added).

Plaintiff Wells alleges that she was hired as a temporary leasing consultant for InterSolutions, Inc. on January 29, 2005, and was promoted to a salaried position as a Human Resources Coordinator after two weeks. (Amended Complaint ¶¶ 14 - 16.) As the facts in the Amended Complaint demonstrate, Plaintiff Wells is exempt from overtime pay as both a leasing consultant and a Human Resources Coordinator. Plaintiff Bethea alleges that he was employed as a salaried Staffing Assistant from between July 2005 to February 2006. (Amended Complaint ¶¶ 34, 41.) Based on the facts alleged in the Amended Complaint, Plaintiff Bethea is also exempt from overtime pay for the work he performed as a salaried Staffing Assistant.

   1.   **Plaintiff Wells and Plaintiff Bethea have alleged facts in the Amended Complaint about their primary duties which, as a matter of law, involved office or non-manual work.**

Plaintiff Wells and Plaintiff Bethea have alleged facts in the Amended Complaint about their primary duties which, as a matter of law, involved office or non-manual work. Regardless of the plaintiffs' titles, whether an employee is correctly classified as exempt "depends on the character of [her] responsibilities and tasks, not on her job title." *Overstreet v. North Shore Corp.*, 318 U.S. 125, 132 (1943); *Stricker v. Easter Offroad Equipment, Inc.,* 935 F. Supp. 650 (D. Md. 1996). The court in *Stricker* stated that position titles have little, if any, significance when evaluating an employee's exempt status under the [FLSA] exemptions. 935 F. Supp. at 652, n. 1. Courts may apply the administrative exemption where the character of the employee's tasks involve office work, even where a significant portion of a plaintiff's job duties were

bookkeeping or clerical functions.  *Gagnon v. Resource Tech., Inc.*, 19 Fed. Appx. 745, 2001

WL 909028 (10th Cir. 2001).

     In *Gagnon*, an office manager sued her former employer to recover unpaid overtime

compensation under the FLSA, and the corresponding New Mexico state wage hour law.  19

Fed. Appx. at 746.  The employer argued that Ms. Gagnon was not entitled to overtime because

she was exempt under the administrative exemption.  *Id.*  Specifically, the employer illustrated

that the plaintiff performed tasks such as supervising bank accounts, accounts receivable and

payable, employee time slips and employment verification forms, payroll records, tax records,

purchase orders, and health and other insurance policies.  *Id.* She also interviewed prospective

job applicants, kept and revised the company employment manual, issued notices to employees

regarding benefits, and dealt with vendors.  *Id.*

     In holding that the employee was exempt under the FLSA, the *Gagnon* court noted that

the employee's tasks were "undeniably nonmanual office work."  *Id.* at 748.  The summary of

the plaintiff's responsibilities included duties to administer and carry out the office work

necessary to run the defendant's business.  *Id.*

     The plaintiff in *Gagnon* performed very similar duties to the Plaintiffs in this instant case.

Both the *Gagnon* plaintiff and the two plaintiffs in this case screened and interviewed new hires.

(Amended Complaint ¶¶ 17, 35.)  Both the *Gagnon* plaintiff and the two plaintiffs in this case

performed duties related to training employees.  (Amended Complaint ¶¶ 17, 35.)  Furthermore,

Plaintiff Wells and the plaintiff in *Gagnon* both assisted with HR functions such at processing

paperwork,  distributing paperwork to employees, and ordering office supplies (*i.e.*, dealing with

vendors).  (Amended Complaint ¶ 17.)  And, like the facts in *Gagnon*, Plaintiffs Wells and

Bethea concede in the Amended Complaint that the physical location of the duties they

performed took place "in InterSolutions' office." (Amended Complaint ¶ 17, 32.) As the 10th Circuit found in *Gagnon*, it is undeniable that Plaintiff Wells in this case performed office or non-manual work throughout her employment with InterSolutions, and that Plaintiff Bethea performed non-manual office work as a salaried Staffing Assistant from July 2005 to February 2006.

> **2.      Plaintiffs Wells and Bethea have alleged facts in the Amended Complaint which demonstrate that their work was directly related to InterSolutions' management or general business operations because they performed work in functional areas such as quality control; purchasing; procurement; personnel management and training; human resources; employee benefits, internet and database administrations; and similar activities.**

The administrative exemption regulations specifically state that work directly related to the management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; *personnel management; human resources*; *employee benefits*, *internet and database administrations*; and similar activities. 29 C.F.R. § 541.201(b)(emphasis added). Courts have held that an employee may be exempt even where the majority of their tasks are clerical. For example, in *Hills v. Western Paper Co.*, a federal district court held that an employer's accounting and credit manager was an exempt administrative employee even though she spent more than 50% of her time performing bookkeeping and clerical activities. 825 F.Supp 936, 938-939 (D. Kan. 1993). Similarly, in *Piscione v. Ernst & Young, LLP*, the 7th Circuit recognized that just because an employee spends a significant portion of his time engaged in ministerial or routine tasks, it does not necessarily prevent the application of the administrative exemption. 171 F.3d 527, 538 (7th Cir. 1999).

Plaintiff Wells and Plaintiff Bethea, by their own allegations in the Amended Complaint, admit that they regularly performed duties which courts have regarded as being related to general

business operations.  As noted above, the *Gagnon* court found that the plaintiff was exempt under the FLSA where she performed tasks such as supervising bank accounts, accounts receivable and payable, employee time slips and employment verification forms, payroll records, tax records, purchase orders, and health and other insurance policies.  19 Fed. Appx. at 746.  She also attended interviews with prospective job applicants, kept and revised the company employment manual, issued notices to employees regarding benefits, and dealt with vendors.  *Id.*  The court noted that these duties were directly related to the employer's management or general business operations because it demonstrated that "plaintiff's primary duty was to administer and carry out the office work necessary to run defendant's business."  *Id.* at 748.

Other courts have reached the same conclusion based on similar facts.  In *Cowan v. Tricolor, Inc.*, an employee sued her former employer for unpaid overtime wages under the FLSA.  869 F.Supp. 262, 263 (D. Del. 1994), *aff'd without op.* 60 F.3d 814 (3rd Cir. 1995).  The defendant argued that the employee was exempt under the administrative exemption because her job duties involved office work 100% of time, and because her duties were directly related to management policies or general business operations.  *Id.* at 264 – 65.  The plaintiff's duties in *Cowan* included writing orders, making quotations, preparing invoices, handling UPS and FedEx shipments to out of state customers, handling phone calls for the office's 2-line phone system, making collection calls, and keeping inventory on office supplies and production materials.  *Id.* at 264-65.  In addition, the plaintiff in  *Cowan* was responsible for "maintaining rapport and negotiating the delivery schedules" for customers.  *Id.* at 265.

The *Cowan* court held that the employee was exempt from overtime under the administrative exemption, and that the duties performed by the plaintiff were directly related to the employer's management policies or general business operations.  869 F. Supp. at 264 – 65.

In our instant case, Plaintiff Wells admits in the Amended Complaint that she performed almost identical tasks to those in the *Cowan* case, including ordering office supplies.  (Amended Complaint ¶ 17.) Also like the *Cowan* case, Plaintiff Wells admits her duties included generally making sure that the general business operations (*e.g.*, hiring and training temporary employees) were carried out.  (Amended Complaint ¶ 17.)   Identical to the plaintiff in *Cowan*, Plaintiff Wells also admits that she assisted with answering phone lines.  (Amended Complaint ¶ 17.)

Similarly, Plaintiff Bethea admits that his duties as Staffing Assistant including placing temporary employees in front-desk concierge assignments at area buildings.  (Amended Complaint ¶ 35.)  Plaintiff Bethea also admits that he conducted screening interviews and participated in the orientation and training of new temporary concierge staffing employees. (Amended Complaint ¶ 35.)

Courts rule these activities to be properly regarded as being "exempt" from the overtime pay requirements because they are directly related to InterSolutions' business operations. Because InterSolutions is a staffing firm that relies on having available and trained employees to work at its clients' facilities, Plaintiff Wells and Plaintiff Bethea were of critical importance to InterSolutions' general business operations because they were responsible for interviewing candidates, screening candidates, conducting orientation, and training for new employees. (Amended Complaint ¶¶ 17, 35.)  Temporary employees are InterSolutions' "product."  Without the critical services performed by Plaintiff Wells and Plaintiff Bethea, InterSolutions would not have any trained employees to provide its clients on a temporary basis.

Furthermore, Plaintiff Wells admits that she performed other traditionally exempt tasks such as managing InterSolutions' applicant database, adding job applicant information into InterSolutions' computer, and renewing the postings on InterSolutions' online job

advertisements.  (Amended Complaint ¶ 17.)  In *29 C.F.R. § 541.201(b)*, the regulations clearly state that tasks "directly related to management or general business operations includes, but is not limited to, work in functional areas such as…*personnel management*, human resources, employee benefits,…*computer network, internet and database administration*…and similar activities." (emphasis added)  Plaintiff Wells' admitted duties of maintaining an applicant database is directly on point with the regulation's designation of "database administration" as an exempt activity.  29 C.F.R. § 541.201(b).  Similarly, Plaintiff Wells' and Plaintiff Bethea's role in managing job applicant information and participating in training activities are directly covered by the regulation's designation of "personnel management."  29 C.F.R. § 541.201(b).

The Department of Labor regulations and well established caselaw hold that the routinely performed duties Plaintiff Wells alleges, such as screening applicants, conducting interviews, and maintaining and ordering office supplies, are directly related to the management or general business operations of InterSolutions.  (Amended Complaint ¶ 17.)  It is also clear that Plaintiff Bethea routinely performed duties that were directly related to the management of InterSolutions' operations while he was employed as a salaried Staffing Assistant from July 2005 to February 2006.  (Amended Complaint ¶ 35.)

> **3.     Plaintiff Wells and Plaintiff Bethea have alleged facts in the Amended Complaint which demonstrate that their primary duties included the exercise of discretion and independent judgment with respect to matters of significance.**

Plaintiff Wells and Plaintiff Bethea admit in the Amended Complaint that they performed tasks that, as a matter of law established in the regulations and in caselaw, required them to exercise discretion and independent judgment on a daily basis.  (Amended Complaint ¶¶ 17, 35.)  The Dept. of Labor administrative exemption requires that an employee exercise discretion and independent judgment over matters of significance.  Exercising discretion for "matters of

significance" can relate to job duties, or other factors such as work schedules.  For example, in

*Lott v. Howard Wilson Chrysler Plymouth, Inc.*, a court held that an office manager exercised

independent discretion where she had "discretion over her work schedule in that her arrival time

in the morning, her lunch break in the afternoon, and her departure time in the evening were her

choice."  203 F.3d 326, 330 (5th Cir. 2000).  Courts have held that an office secretary was exempt

from overtime under the FLSA for the time in which she exercised significant discretion and

independent judgment.  *Syzmula v. Ash Grove Cement Co.*, 941 F. Supp. 1032, 1038 (D. Kan.

1996).

In *Syzmula v. Ash Grove Cement Co.*, an office secretary sued her employer  for unpaid

overtime wages under the FLSA.  941 F. Supp. at 1034.  While the plaintiff's responsibilities

initially encompassed clerical and non-discretionary administrative functions, she was promoted

to "Risk Manager," and began handling sensitive information related to the employer's workers'

compensation plan.  *Id.*  The plaintiff's responsibilities as Risk Manager included:  helping

determine whether employees needed to consult a physician, and whether employees needed to

be placed under surveillance; assisting corporate management in ascertaining whether private

investigators should be retained; working closely with the various insurance carriers

administering the Ash Grove plan; and formulating proposed claim settlements for her manager's

approval.  *Id.*

The court held that the secretary was exempt under the administrative exemption.  *Id.* at

1038.  In making the determination,  the court noted that the plaintiff exercised independent

discretion and judgment in her workers compensation responsibilities.  *Id.*  The court commented

that the necessity for ultimate approval by superiors on many of the workers compensation issues

was not enough to overcome the administrative exemption.  *Id.*

The facts in *Syzmula v. Ash Grove Cement Co.* are similar to the instant case because all of the employees exercised discretion and judgment in handling sensitive information for their employers. The plaintiff in *Syzmula* handled sensitive information related to employees' medical information and surveillance activities. Plaintiff Wells in this case has admitted in the Amended Complaint that InterSolutions entrusted her with sensitive and confidential information related to background checks, criminal history checks, and personal information on W-2's and I-9's. (Amended Complaint ¶ 17.) Plaintiff Bethea has admitted that InterSolutions entrusted him with conducting screening interviews of potential employees. (Amended Complaint ¶ 35.) These are the types of information that courts should consider in determining whether an employee was tasked with exercising sound judgment and discretion. In this case, it is clear that InterSolutions relied on plaintiffs' sound judgment in entrusting them with other employees' confidential information.

Plaintiff Wells' own alleged facts in the Amended Complaint do not form a claim that Plaintiff Wells is entitled to overtime pay under the FLSA. Rather, Plaintiff Wells' own alleged facts support the conclusion that Plaintiff Wells was an "exempt" employee as a matter of law. The facts in the Amended Complaint also support the conclusion that Plaintiff Bethea was an exempt employee as a matter of law during the time he was employed as a salaried Staffing Assistant in InterSolutions' main headquarters. As such, Count I fails to state a claim upon which relief can be granted as to both plaintiffs, and should be dismissed pursuant to Rule 12(b)(6) entirely for Plaintiff Wells. Furthermore, the claim for overtime pay for the period from July 2005 to February 2006 should be struck from the Amended Complaint for Plaintiff Bethea.

III.    **Count II:  Plaintiffs have also failed to state a claim under the District of Columbia Wage and Hour Law, D.C. Code Ann. § 32-1001, *et seq.* (2006).**

Count II of the Amended Complaint alleges a claim under D.C. Code Ann. § 32-1003 for failing to pay plaintiffs overtime compensation at one and one-half her regular hourly rate for all hours that they worked in excess of forty (40) hours during any workweek.  (Amended Complaint  ¶ 73.)

A.     **The District of Columbia Wage and Hour Law expressly incorporates the federal administrative exemption under the FLSA.**

The District of Columbia Wage and Hour Law, D.C. Code Ann. § 32-1001 *et seq.*, does not apply to any employee employed in a *bona fide* executive, administrative, or professional capacity, or in the capacity of an outside salesman as these terms are defined by the Secretary of Labor under 201 *et seq.* of the Fair Labor Standards Act.  *D.C. Code Ann. § 32-1004.*

The D.C. law expressly incorporates the FLSA's administrative exemption, and courts recognize that the D.C. Wage and Hour Law was modeled after the federal FLSA.  For example, in *Williams v. W.M.A. Transit Company*, the D.C. Circuit evaluated provisions of the federal FLSA to ascertain the legislative intent behind the D.C. Act, and noted that "[t]he D.C. Act  was patterned on the [federal] Fair Labor Standards Act of 1938, as amended…" 472 F.2d 1258, 1260 (D.C. Cir. 1972).

B.     **The standards for applying the administrative exemption under the D.C. Wage and Hour Law and the FLSA are the same.**

The D.C. Courts apply the federal FLSA exemptions to the D.C. Wage and Hour Law. The same standard for the administrative exemption under the FLSA applies to the administrative exemption under the D.C. Wage and Hour Law.  In *Jones and Assoc. v. District of Columbia*, the D.C. government brought an action against Jones and Associates to recover overtime pay on behalf of several of Jones' employees.  642 A.2d 130, 131 (D.C. 1994).  At a

bench trial, the trial court judge found in favor of the government, and held that Jones had not

met its burden of demonstrating that the employees fell within the *bona fide* administrative

exemption. *Id.* In sustaining the trial court's finding, the District of Columbia Court of Appeals

interpreted and applied the federal FLSA exemption for administrative employees to the

employees' claims seeking overtime pay under D.C. Wage and Hour Law. *Id.* at 132.

Specifically, the court interpreted the Dept. of Labor regulations for the administrative

exemption because the federal FLSA is specifically referenced in the analogous D.C. wage hour

law. *Id.*

This case is similar to *Jones and Associates v. District of Columbia* because both cases

involve plaintiffs who are pursuing claims under both the federal FLSA and the D.C. Wage and

Hour Law. Just as the court in *Jones and Associates v. District of Columbia* applied the federal

administrative exemption test to the employees' D.C. wage hour claims, this court must apply

the same administrative exemption analysis for the plaintiffs for their FLSA claim in Count I of

the Amended Complaint, and for their D.C. Wage and Hour claim in Count II of the Amended

Complaint.

C.    **Because Plaintiff Wells and Plaintiff Bethea are exempt under the federal FLSA, they are also exempt under the D.C. Wage and Hour Law.**

Defendant expressly incorporates the arguments set forth in Part II of this Memorandum,

above, as to Plaintiff Wells' and Plaintiff Bethea's exempt administrative status. The plaintiffs

are exempt from receiving overtime pay under the FLSA and are, therefore, exempt from

receiving overtime pay under the same standards set forth in the corresponding D.C. Wage and

Hour Law. It is clear that the D.C. Court of Appeals and the D.C. Circuit apply federal FLSA

criteria in evaluating claims under the D.C. Wage and Hour Law. *See Jones*, 642 A.2d at 132.

Because Plaintiff Wells is an exempt employee under the federal administrative exemption,

Plaintiff Wells is also exempt under the corresponding D.C. law, and has no right to bring an action to recover wages under D.C. Code Ann. §§ 32-1003. For the same reasons, Plaintiff Bethea has no right to recover wages for the time that he was employed as a salaried Staffing Assistant between July 2005 and February 2006. Therefore, Count II of Plaintiff Wells' Amended Complaint should be dismissed with prejudice because Plaintiff Wells has failed to state a claim under Fed. R. Civ. P. 12(b)(6), and the claim for overtime pay for the period from July 2005 to February 2006 should be struck from Plaintiff Bethea's Amended Complaint.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Counts I and II of the Amended Complaint in their entirety as to Plaintiff Wells for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Defendants also respectfully request that the Court dismiss the portions of Counts I and II of Plaintiff Bethea's Amended Complaint as they relate to the period that Plaintiff Bethea was a salaried employee from July 2005 to February 2006 because they also fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

   /s/  Manesh K. Rath
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*
Jeremy W. Brewer (D.C. Bar No. 488670)
*brewer@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

17

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 7, 2006, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
        Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Tina Wells and Lawrence Everett Bethea II


    /s/  Manesh K. Rath_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TINA WELLS, | ) |
| | ) |
| LAWRENCE EVERETT BETHEA II | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Case No.: 1:06-cv-02033-EGS |
| | ) |
| INTERSOLUTIONS, INC., | ) |
| DREW GOLIN, | ) |
| SARAH WALDER, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## <u>(PROPOSED) ORDER</u>

Upon consideration of Defendants' Motion to Dismiss, and any opposition and replies thereto, it is hereby

**ORDERED** this _____ day of _____, 2007  that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.   Accordingly, it is further

**ORDERED** that Counts I and II of the Plaintiff Tina Wells' Amended Complaint are hereby **DISMISSED** with prejudice.

It is further **ORDERED** that Counts I and II of Plaintiff Lawrence Everett Bethea II's Amended Complaint are hereby dismissed as to the period he worked for InterSolutions as a salaried Staffing Assistant between July 2005 and February 2006.

It is further **ORDERED** that Plaintiffs pay all of Defendants' costs and attorneys fees associated with Defendants' Motion to Dismiss.

**SO ORDERED.**

_____          _____

Date                                                    Judge Emmet G. Sullivan