IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA WELLS, and ) | |
| LAWRENCE EVERETT BETHEA II ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-02033 (EGS) |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, and ) | |
| SARAH WALDER ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The issue before this Court is whether plaintiffs' amended complaint includes allegations that state a claim for violation of the federal Fair Labor Standards Act ("FLSA") and District of Columbia wage and hour laws that require employers to pay overtime rates (time and a half) for overtime work.  Defendants assert that the amended complaint should be dismissed under Rule 12(b)(6) because, they contend, the facts alleged demonstrate that the defendants were exempt from paying plaintiffs overtime rates on the basis of an affirmative defense as to which they will bear the burden of proof:  namely, their contention that they employed plaintiffs in a bona fide administrative capacity.

Defendants' motion is frivolous.  It is plain that the amended complaint alleges facts sufficient to state a claim under both federal and local law.  It is equally plain that the facts alleged therein do not establish the exemption that defendants now seek to invoke.  Furthermore, as we discuss in detail below, the applicability of exemptions under the FLSA involves a highly fact-specific determination that must be decided on a case-by-case basis in light of all of the facts involved in the particular employment situation.  For that reason, the question of whether

someone is employed in an administrative capacity is unsuited to be resolved on a motion to dismiss. Indeed, motions to dismiss based on FLSA exemptions are almost unheard of, and are properly and nearly uniformly denied.[1] Defendants have offered no rationale for treating their motion any differently. Instead, all of the cases they rely on in their motion involve determinations made on motion for summary judgment or after a bench trial and on a fully developed record. Accordingly, the motion to dismiss should be denied.

## ARGUMENT

**A. DEFENDANTS' AFFIRMATIVE DEFENSE INVOLVES A HIGHLY FACT-SPECIFIC DETERMINATION THAT CANNOT BE RESOLVED ON A MOTION TO DISMISS.**

The Fair Labor Standards Act ("FLSA") requires employers to pay their employees time-and-a-half for overtime. 29 U.S.C. § 207(a); *Hilbert v. District of Columbia*, 23 F.3d 429, 430 (D.C. Cir. 1993). Employees are presumed to be entitled to overtime, and, therefore, to state a claim under the FLSA need plead only that they worked more than forty hours in a given work week and were not paid at a rate of time-and-a-half their regular rate for those overtime hours. *Smith v. Richard's Restoration, Inc.*, 2005 U.S. Dist. LEXIS 35566, *4-5 (M.D. Fla. Oct. 7, 2006) (allegation that defendant "failed to compensate [plaintiff] at the appropriate rate for hours worked in excess of forty hours per week" is sufficient to state a claim under the FLSA).

It is true that the FLSA exempts employers from this requirement with respect to individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). But these exemptions are affirmative defenses for which the employer bears the burden of proof. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Hunter v.*

---

[1] Indeed, we are unaware of a single case granting a motion to dismiss based on exemption, save those where the only issue was a technical one regarding whether the plaintiff had been paid on a salary basis.

*Sprint Corp.*, 453 F. Supp. 2d 44, 50 (D.D.C. 2006); *Roney v. United States*, 790 F. Supp. 23, 26 (D.D.C. 1992). Further, the scope of the exemption is to be narrowly construed against the employer claiming it, *Hilbert*, 23 F.3d at 439; *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1210 (D.D.C. 1988) (citing *Corning*, 417 U.S. at 196), and defendants must establish it by clear and affirmative evidence. *Roney*, 790 F. Supp. 23 at 26 (citing *Clark v. J.M. Benson & Co.*, 789 F.2d 282, 286-289 (4th Cir. 1986)).

Moreover, it is well-established that a plaintiff is under no obligation to plead that an affirmative defense does not apply or to plead facts to establish that that affirmative defense does not apply. *Tomney v. Int'l Ctr. for the Disabled*, 2003 U.S. Dist. LEXIS 7194, at *20 (S.D.N.Y. April 29, 2003) (declining "[defendants'] invitation – an invitation without accompanying authority – to declare non-exemption a pleading requirement"). Consequently, defendants can succeed in their motion only if plaintiffs' complaint, on its face, establishes the applicability of this narrowly-construed exemption "beyond a doubt." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In making that determination, this Court must liberally construe the complaint in plaintiffs' favor, and the plaintiffs are entiteld to the benefit of all inferences that can be derived from the facts alleged.[2] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). In other words, plaintiffs' claims should be dismissed only if it appears beyond a doubt from the face of the complaint that plaintiffs can prove no set of facts that will entitle them to relief.

Whether an exemption applies is ultimately a question of law, but it also involves an

---

[2] The defendants' motion states incorrectly that the complaint is to be construed "in the *moving* party's favor" and that "a court should grant the *moving* party the benefit of all inferences that can be derived from the alleged facts." Def. Br. at 5. Plaintiffs assume that this is merely a misstatement by defendants, since the standard for a Rule 12(b)(6) motion are well-established and all inferences are to be drawn in the *non*-moving party's favor.

extremely fact-specific inquiry that focuses on the details of the employee's actual job duties.[3] As such, courts have concluded time and again that this inquiry is particularly unsuited to a motion to dismiss.[4]

The fact specific nature of the administrative capacity exemption is illustrated in the second and third elements of that exemption. An employee is employed in an administrative capacity if (1) the employee is paid on a salary or fee basis of at least $ 455 per week; (2) the employee's "primary duty is the performance of office or non-manual work directly related to management or general business operations of the employer or the employer's customers"; and (3) the employee's performance of his or her "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

The second and third parts of this test require an analysis of the plaintiffs' "primary duty." Identifying an employee's primary duty is a complex and fact-dependant legal question.[5]

---

[3] 29 C.F.R. § 541.202(b) (determination must be made "*in the light of all the facts involved in the particular employment situation* in which the question arises") (emphasis added); 29 C.F.R. § 541.700(a) (determination "must be based all the facts in a particular case, with the major emphasis on the character of *the employee's job as a whole*."). *See also Bohn v. Park City Group, Inc.*, 94 F.3d 1457, 1461 (10th Cir. 1996) (stating that "the inquiry into exempt status remains intensely fact bound and case specific") (quoting *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990); *Harris v. District of Columbia*, 741 F. Supp. 254, 259 (D.D.C. 1990) ("[D]eciding whether an employee is exempt must be a voyage through fact-bound waters."); *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1210 (D.D.C. 1988) (exemptions "require that the court undertake a highly fact-specific inquiry into the tasks and responsibilities of the subject employees").

[4] *See McLauglin v. Murphy*, 372 F. Supp. 2d 465, 470 (D. Md. 2004) ("Because an employee's exempt status is an affirmative defense that [defendant] must prove, it cannot ordinarily be determined on a Rule 12(b)(6) motion to dismiss for failure to state a claim."); *Donovan v. Pub. Policy Ctr.*, 11 Wage & Hour Cas. 2d (BNA) 1135, 2006 U.S. Dist. LEXIS 30114, at *24 (D.N.J. May 17, 2006) (noting, in denying Rule 12(b)(6) motion, that "[a] the determination whether the plaintiffs are exempt as professional or administrative employees *is fact intensive and must be made on a case-by-case basis*, a conclusion that the plaintiffs are exempt at this early stage of the litigation would be premature") (emphasis added); *Tomney v. Int'l Ctr. for the Disabled*, 2003 U.S. Dist. LEXIS 7194, at *21 (S.D.N.Y. April 29, 2003); ("[Exemption] determination will depend upon [plaintiff]'s actual job duties . . . . Discovery is needed to make this determination, and thus dismissal of [plaintiff]'s FLSA claim at this stage would be premature.").

[5] An employee's "primary duty" is the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Further, the regulations identify the following

4

29 C.F.R. § 541.700(a) ("Determination of an employee's primary duty must be based all the facts in a particular case, with the major emphasis on the character of *the employee's job as a whole*.") (emphasis added).

Plaintiffs' complaint alleges a general description of their job duties. *See* Am. Compl. ¶¶ 17, 35. But plaintiffs have not alleged – nor were plaintiffs required to allege – which of these were or were part of plaintiffs' "primary duty." Neither plaintiffs' complaint nor defendants have provided any basis for this Court to determine either plaintiffs' "primary duty," a necessary prerequisite for finding that an exemption applies. This is reason enough alone for this Court to deny defendants' motion. Furthermore, as we now discuss, the plaintiffs have alleged facts that are inconsistent with defendants' affirmative defense under the FLSA. And, as defendants point out, District of Columbia wage and hour law expressly incorporates from the FLSA the standards regarding bona fide administrative employees. *D.C. Code. Ann.* § 32-1004. Therefore, for the same reasons that defendants' motion to dismiss the FLSA claims fails, so must their motion to dismiss the District of Columbia wage and hour law claims fail

### B. PLAINTIFF WELLS HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM.

The facts alleged as to plaintiff Wells do not show that she was exempt from the FLSA. The complaint alleged the following job duties: (a) various clerical-type tasks related to job applicants and new hires; (b) screening applicants based on criteria provided by Defendants; and (c) general receptionist and clerical-type tasks in InterSolutions' office. Am. Compl. ¶ 17.

---

considerations: (1) "the relative importance of the exempt duties as compared with other types of duties"; (2) "the amount of time spent performing exempt work"; (3) "the employee's relative freedom from direct supervision"; and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id*.

None of these job duties (even putting aside the question of which of these were her primary job duty) require the "the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(3). The regulations specifically state: "The exercise of discretion and independent judgment . . . *does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work.*" 29 C.F.R. § 241.202(e) (emphasis added). Likewise, the regulations specifically state that applying established procedures or guidelines does not involve the exercise of discretion. *Id*. Actual exercise of discretion and independent judgment "involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 241.202(a). And these comparisons and evaluations must be regarding matters of significance.[6]

The job duties alleged by plaintiff Wells all fall within the description of "clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work" that is not exempt from the FLSA. *See* Am. Compl. ¶ 17; 28. Several of the activities alleged by plaintiff Wells involve inherently low-level clerical and routine work: answering the phone, inputting applicant data, handing out and copying paperwork, processing new hire paperwork, playing training videos, ordering office supplies and food, and renewing online job postings. *See* Am. Compl. ¶ 17. Nor was plaintiff Wells allowed to exercise discretion and independent judgment in completing any of her remaining duties which related to screening new applicants. She performed these tasks to InterSolutions' standards and guidelines

---

[6] The regulations illustrate the relatively significant level of the decisions that meet this criteria in a list of factors that are to be used in evaluating whether an employee meets the test. 29 C.F.R. § 241.202(b). Each of these factors is in marked contrast to the job duties alleged by the plaintiffs.

6

without exercising judgment and independent discretion.[7]  Am. Compl. ¶ 17, 25.  *See also* 29 C.F.R. § 241.202(e).  Indeed, she has affirmatively alleged that she did not exercise discretion or independent judgment related to matters of significance during her tenure at InterSolutions.  Am. Compl. ¶¶ 25, 27.

In fact, the regulations make clear that plaintiff Wells, based on the type of work she performed as alleged in the amended complaint, was not an exempt employee.  29 C.F.R. § 541.203 explicitly contrasts the duties of exempt human resources managers with non-exempt personnel clerks:

> Human resources managers who formulate, interpret or implement employment policies and management consultants who study the operations of a business and propose changes in organization generally meet the duties requirements for the administrative exemption. However, personnel clerks who "screen" applicants to obtain data regarding their minimum qualifications and fitness for employment generally do not meet the duties requirements for the administrative exemption. Such personnel clerks typically will reject all applicants who do not meet minimum standards for the particular job or for employment by the company.

*Id.*  Applying this example, the work alleged by plaintiff Wells, *see* Am. Compl. ¶ 17, is without any doubt nonexempt.

An opinion from this Court also illustrates the definitively nonexempt nature of plaintiff Wells' work.  In *Rainey v. Am. Forest & Paper Assoc.*, the employee was hired as a "personnel assistant in its human resources department."  26 F. Supp. 2d 82, 86 (D.D.C. 1998).  She later "took on the payroll work of a terminated accounting department employee," followed by "some of the duties that had belonged to [] a human resources manager who left the organization," followed again by "some of the responsibilities previously given to [] the director of human

---

[7] And, to the extent that any task *could have* entailed (but did not require) the use discretion or independent judgment, the Rule 12(b)(6) standard requires this Court to view the allegation in the light most favorable to plaintiffs – that is by assuming that it was completed in a manner that did not involve the use of discretion or independent judgment.  Further, plaintiff Wells has

resources who apparently had stopped coming to work." *Id*. The court held that the employee in *Rainey* was not an exempt administrative employee at any time, despite the increased level of responsibility. *Id*. at 98. Based on the facts alleged in the complaint, there is considerable overlap between plaintiff Wells and the plaintiff in *Rainey*. This is in stark contrast to all of the cases discussed by defendants, not one of which involved an employee with a job at all similar – even at a general level – to that of either plaintiff in this case.[8]

In fact, defendants have not identified a single activity performed by plaintiff Wells that they contend requires the exercise of discretion and independent judgment. *See* Def. Br. at 12-14. They merely assert that "InterSolutions entrusted [Wells] with sensitive and confidential information" (information about job applicants). Def. Br. at 14. They cite no authority that handling sensitive information has anything to do with satisfying the requirement that plaintiff exercise discretion and independent judgment.[9] Indeed, the regulations explicitly state that

---

affirmatively alleged that these tasks did not require her to employ discretion and independent judgment. Am. Compl. ¶¶ 25, 27.

[8] *See Gagnon v. Resources Tech., Inc.*, 19 Fed. Appx. 745, 746 (10th Cir. 2001) ("Plaintiff was the office manager and bookkeeper for defendant's consulting and engineering firm . . . . She supervised the bank accounts, accounts receivable and payable, employee time slips and employment verification forms, payroll records, tax records, purchase orders, and health and other insurance policies."); *Hills v. Western Paper Co.*, 825 F. Supp. 936, 937 (D. Kan. 1993) ("Accounting and Credit Manager of Western's Wichita branch."); *Piscione v. Ernst & Young, LLP*, 171 F.3d 527, 531 (7th Cir 1999) (manager in defined benefit plans and defined contribution plans practice groups); *Cowan v. Tricolor, Inc.*, 869 F. Supp. 262, 264 (D. Del. 1994) (office manager who admitted "primary duty of employment as 'supervising incoming work, directing it to proper depts & prioritizing projects to be completed in a timely fashion.'"); *Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 330 (5th Cir. 2000) (office manager whose "duties included preparing state tax returns, monthly workman's compensation returns, monthly state withholding returns, weekly payroll tax deposits, quarterly payroll tax returns, quarterly tax estimates (state and federal), monthly 401k reports to administrator, updates of employee information relative to processing payrolls, and monthly financial statements. She also prepared monthly bank reconciliations . . . ."); *Szymula v. Ash Grove Cement Co.*, 941 F. Supp. 1032, 1035, 1038 (D. Kan. 1996) (administrative assistant to the president of a corporation who also had responsibilities over the corporations' workers compensation plan).

[9] Defendants try to make a factual comparison to *Szymula v. Ash Grove Cement Co.*, 941 F. Supp. 1032 (D. Kan. 1996), but that court's decision did not address, much less rest upon, any handling of sensitive or confidential information. Rather, the decision rested on analysis of that plaintiff's actual job duties (which differ almost entirely from those alleged by plaintiff Wells)

8

personnel clerks (who handle just this information about job applicants) are nonexempt, thus nullifying defendants' argument.

In sum, the amended complaint manifestly does not allege facts which establish beyond a doubt that plaintiff Wells was an administrative employee exempt from the overtime requirements of the FLSA. Consequently, defendants' motion should be denied as to her.

### C. PLAINTIFF BETHEA HAS ALLEGED FACTS SUFFICIENT TO STATE A CLAIM.

Plaintiff Bethea's job duties, as alleged in the amended complaint, are also sufficient to survive defendants' motion to dismiss. The Department of Labor's FLSA Regulations and the case law thereunder establish that employees who perform duties similar to those performed by plaintiff Bethea are not exempt administrative employees, because they do not exercise the requisite discretion and independent judgment in performing their tasks. 29 C.F.R § 541.207(a); *Robinson-Smith v. Government Employees Insurance*, 323 F.Supp.2d 12, 20 (D.D.C. 2004) (under the regulations, employees who simply apply well-established techniques within closely prescribed limits to determine the correct response to an inquiry or set of circumstances are not exempt administrative employees).

Plaintiff Bethea's duties as alleged in the complaint did not require the exercise of discretion and independent judgment regarding matters of significance. Plaintiff Bethea placed temporary employees in front-desk concierge assignments at area buildings. Am. Compl. ¶ 35. He also conducted basic screening interviews based upon questionnaires provided by defendants and participated in orientation of new temporary concierge employees based upon scripts provided by defendants. Am. Compl. ¶35. And Bethea specifically alleges that he did not

---

based upon the evidence (primarily depositions) submitted by the parties after discovery had been completed. The case is in all ways –procedurally and factually – inapposite.

exercise discretion or independent judgment related to matters of significance during his tenure at InterSolutions. Am. Compl. ¶¶44-50. Defendants ignore these allegations, and assert that Bethea's claim should be dismissed as a matter of law. Def. Br. at 6.

In fact, defendants invoke a single allegation to argue that Bethea's duties involved the exercise of judgment and discretion regarding matters of significance. They assert that Bethea is an exempt employee as a matter of law because "[he] has admitted that InterSolutions entrusted him with conducting screening interviews of potential employees." Def. Br. at 14. It is clear, however, that conducting screening interviews is not exempt work. *See* 29 C.F.R. § 541.203(e) ("personnel clerks who 'screen' applicants to obtain data regarding their minimum qualifications and fitness for employment generally do not meet the duties requirements for the administrative exemption"). S*ee also Stricker v. Eastern Off Road Equipment, Inc.*, 935 F.Supp. 650, 656 (D. Md. 1996) (illustrating the distinction between a personnel clerk whose duties involve the mechanical and nondiscretionary task of screening applicants for the qualifications established by others and a personnel manager who performs the screening, interviewing, and hiring functions). The basic screening interviews alleged by plaintiff Bethea, *see* Am. Compl. ¶¶ 35, 46, fall squarely within the regulation. With regard to defendants' assertion that plaintiff Bethea handled "confidential information," even if that were true it would not establish that his position was administratively exempt from the FLSA.[10] Accordingly, it is plain that the amended complaint does not allege facts which establish beyond a doubt that plaintiff Bethea was a bona fide administrative employee exempt from the overtime requirements of the FLSA.

---

[10] Nowhere in the *Szymula* opinion does the court imply that the use of "confidential" or "sensitive" information affects an employee's exempt status. Indeed, the court's opinion does not even mention "sensitive" or "confidential" information.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss should be denied.

Dated: February 21, 2007

        Respectfully submitted,

        ____//s//_____
        Thomas J. Mikula (D.C. Bar No. 396105)
        Adam M. Chud (D.C. Bar No. 468443)
        Sarah S. Keast (D.C. Bar No. 493632)
        Goodwin Procter LLP
        901 New York Avenue, N.W.
        Washington, D.C.  20001
        Tel.: (202) 346-4000
        Fax:  (202) 346-4999

        Susan E. Huhta (D.C. Bar No. 453478)
        Carolyn P. Weiss (D.C. Bar No. 480697)
        Washington Lawyers' Committee for
          Civil Rights and Urban Affairs
        11 Dupont Circle, N.W., Suite 400
        Washington, D.C.  20036
        Tel.: (202) 319-1000
        Fax:  (202) 319-1010

        *Counsel for Tina Wells and Lawrence Everett Bethea II*