IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA WELLS, ) | |
| ) | |
| LAWRENCE EVERETT BETHEA II ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:06-cv-02033-EGS |
| ) | |
| INTERSOLUTIONS, INC., ) | |
| DREW GOLIN, ) | |
| SARAH WALDER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants InterSolutions, Inc., Drew Golin, and Sarah Walder (collectively referred to as "Defendants"), by and through undersigned counsel, submit the following Reply Memorandum to Plaintiff Tina Wells' ("Plaintiff Wells") and Plaintiff Lawrence Everett Bethea II's ("Plaintiff Bethea")(collectively referred to as "Plaintiffs") Opposition to Defendants' Motion to Dismiss Counts I and II of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 14.)("Opposition").

### ARGUMENT

**I.  Plaintiffs Opposition Was Filed Late and Should Not Be Considered by the Court.**

Defendants filed their Motion to Dismiss on February 7, 2007. (Document No. 11.) Under the District Court for the District of Columbia Local Civil Rule No. 7(b), Plaintiffs

Opposition to that Motion was due within eleven (11) days of service of the Motion, or by February 20, 2007.[1] Plaintiffs filed their Opposition on February 21, 2007. (Document No. 14.)

## II. This Court has the Discretion and Authority to Dismiss Plaintiffs' Claims Because the Plaintiffs' Exempt Status is a Question of Law.

Plaintiffs acknowledge in their Opposition that "whether an exemption applies is ultimately a question of law." (Opposition at p. 3.) Plaintiffs also attempt to argue that this court does not have the discretion to dismiss Plaintiffs' claims because it is a "fact-specific determination." (Opposition at p. 1.) In fact, many courts dismiss FLSA claims at the 12(b)(6) stage when it is clear from the Complaint that Plaintiffs cannot prevail as a matter of law.

As Defendants argued in their Motion to Dismiss, the ultimate decision whether an employee is exempt from the FLSA's overtime compensation provisions is a matter of law. *Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 331 (5th Cir. 2000).

Because a plaintiff's exempt status is a legal determination, this court may dismiss the case pursuant to Rule 12(b)(6) where the facts alleged in the Amended Complaint demonstrate that the employee is exempt as a matter of law. If, as is the case here, Plaintiffs have admitted enough in their Amended Complaint, the question may be resolved as a matter of law.

### A. Plaintiffs erroneously assert that the Plaintiffs "exempt status" under the FLSA is unsuited to be resolved on a Motion to Dismiss.

In their Opposition, Plaintiffs argue that Defendants' Motion to Dismiss should be denied because the "applicability of exemptions under the FLSA involves a highly fact-specific determination" and is "unsuited to be resolved on a motion to dismiss." (Opposition at p. 1 – 2.) Plaintiffs' Opposition hinges on the incorrect notion that courts never grant a Motion to Dismiss

---

[1] The 11th day actually fell on Sunday, February 18, 2007, and Monday, February 19, 2007 was a federal holiday. Thus, the Opposition was due on Tuesday, February 20, 2007.

2

based on a employee's exempt status because it involves a "fact-specific inquiry" into the employee's actual job duties. (Opposition at p. 4.)

Plaintiffs state that they are "unaware of a single case granting a motion to dismiss based on an exemption, save those where the only issue was a technical one regarding whether the plaintiff had been paid on a salary basis." (Opposition at p. 2, n. 1.) However, courts do have the ability to determine an employee's exempt status based solely on the facts alleged in the Complaint. In *Fudali v. Pivotal Corporation*, this Court granted a Motion to Dismiss pursuant to Rule 12(b)(6) brought under the District of Columbia Wage and Hour Law because, in part, the plaintiff was "squarely within the 'bona fide executive' exception" under D.C.'s wage and hour law. 310 F. Supp. 2d 22, 25 (D.D.C. 2004)(Sullivan, J.).[2] In that case, a "Senior Sales Executive" brought an action against her employer to recover commission payments alleging violations of the D.C. Wage and Hour Law. *Id.* at 23. The Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff's D.C. wage hour law claim should be dismissed because it was clear from the face of the Complaint that the employee was exempt from recovering commission payments because the employee fit squarely within the "bona fide executive" exemption. *Id.* at 24. This Court deemed it proper to dismiss the Complaint because the employee was exempt as a matter of law. *Id.* at 25.

Similar to the administrative exemption, the FLSA exempts "any employee employed as a seaman" from its protections. 29 U.S.C. § 213(b)(6). Courts have dismissed FLSA claims pursuant to Rule 12(b)(6) when it was clear from the Complaint that the plaintiff was exempt from overtime pay under the FLSA's seaman's exemption. *Hurley v. M/V Majestic Star*, 2005

---

[2] As Defendants' point out in their Motion to Dismiss, the exemptions under the FLSA and the D.C. Wage and Hour Law are the same. In their Opposition, Plaintiffs also contend that the D.C. Wage and Hour Law expressly incorporates from the FLSA the exemptions. (Opposition at p. 5.)

3

WL 1653941, *2 (N.D. Ind. July 6, 2005); *Bruno v. M/V Win Star*, 2005 WL 1888955, *10 (N.D. Ind. Aug. 9, 2005).

Courts have also dismissed FLSA claims pursuant to Rule 12(b)(6) when it was clear that the plaintiff was exempt from overtime pay under the FLSA's "domestic helper" exemption. *Almeida v. Aguinaga*, 456 F.Supp. 2d. 505, 508 (S.D.N.Y. 2006).

In all of these cases, the courts were able to make a factual inquiry based on the facts alleged in the Complaints and determine that the plaintiffs were exempt from overtime under one of the FLSA's many exemptions. Despite Plaintiffs' assertions that they are "unaware of any cases" that have been dismissed because of an exemption, it is clear that courts can, and frequently do, dismiss an FLSA claim based on the facts alleged in the complaint.

**B.     The Amended Complaint itself informs the Court that Plaintiff Wells and Plaintiff Bethea are exempt as a matter of law.**

Plaintiff urges this Court that it should wait until a Motion for Summary Judgment to review the facts which are alleged in the Amended Complaint and are not in dispute at this time. However, as Defendants argue at length in their Memorandum in Support of Motion to Dismiss, both Plaintiff Wells and Plaintiff Bethea have admitted facts in the Amended Complaint sufficient to demonstrate that they are exempt as a matter of law.

Plaintiff Wells admits that she performed several exempt tasks as Human Resources Coordinator. Plaintiff Wells admits in the Amended Complaint that she performed managerial-type tasks associated with screening applicants and training new employees, conducting interviews of new applicants, checking job references for new applicants, and handling sensitive and confidential information such as employees' W-2 and I-9 forms and criminal background checks. (Amended Complaint ¶ 17.) In addition to these tasks, Plaintiff Wells admits that she maintained InterSolutions' applicant database by downloading applicant information from

4

employment websites onto InterSolutions' computer, adding job applicant information into InterSolutions' computer, and renewing the postings on InterSolutions' online job advertisements. (Amended Complaint ¶ 17.)

As a Staffing Assistant, Plaintiff Bethea admits that he was responsible for performing exempt tasks such as placing temporary employees in front-desk concierge assignments for InterSolutions' clients, conducting screening interviews of potential temporary employees, and conducting orientation for new InterSolutions temporary concierge employees. (Amended Complaint ¶ 35.)

Given all of the facts Plaintiffs have admitted in their Amended Complaint that warrant dismissal, there is no point in carrying this case and the parties through costly and burdensome litigation when the court may properly dismiss this matter now. Because this Court has the authority and discretion to hold that the plaintiffs are exempt as a matter of law based on facts alleged in a complaint, the counts in the Amended Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Counts I and II of the Amended Complaint in their entirety as to Plaintiff Wells for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Defendants also respectfully request that the Court dismiss the portions of Counts I and II of Plaintiff Bethea's Amended Complaint as they relate to the period that Plaintiff Bethea was a salaried employee from July 2005 to February 2006 because they also fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

    Respectfully submitted,

    __/s/  Manesh K. Rath_____
    Manesh K. Rath (D.C. Bar No. 457835)

*rath@khlaw.com*
Jeremy W. Brewer (D.C. Bar No. 488670)
*brewer@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646

Counsel for Defendants

**CERTIFICATE OF SERVICE**

       I HEREBY certify that on February 28, 2007, a copy of the foregoing was served by CM/ECF software to:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax.: (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for
    Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000
Fax.: (202) 319-1010

Counsel for Plaintiffs
Tina Wells and Lawrence Everett Bethea II

                                         /s/ Manesh K. Rath