UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
TINA WELLS and                     )
LAWRENCE EVERETT BETHEA II,        )
                                   )
            Plaintiffs,            )
                                   )
      v.                           ) Civil Action No. 06-2033 (EGS)
                                   )
INTERSOLUTIONS, INC., *et al.*,    )
                                   )
            Defendants.            )
_____)

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. Upon consideration of the motion, response and reply thereto, and applicable law, the Court **denies** defendants' motion.

Plaintiffs Tina Wells and Lawrence Bethea have filed an Amended Complaint alleging that defendants InterSolutions, Drew Golin, and Sarah Walder violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and corresponding District of Columbia law, D.C. Code § 32-1001, *et seq.* Specifically, plaintiffs allege that they were entitled to overtime pay for hours worked in excess of forty in a given workweek and that they did not receive such pay.

Defendants have moved to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) tests the legal sufficiency of

a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  Dismissal is not appropriate unless the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In their motion to dismiss, defendants argue that Wells and Bethea are not entitled to overtime compensation because both employees were subject to the FLSA's "administrative" exemption for any overtime worked.[1]  The FLSA overtime compensation provisions exempt from coverage any employee who is employed in "a bona fide executive, administrative, or professional capacity."  29 U.S.C. § 213(a)(1).  An employee "employed in a bona fide administrative capacity" within the meaning of the FLSA and therefore exempt from overtime pay is any employee: (1) "[c]ompensated on a salary or fee basis of not less that $455 per week"; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.22(a)(1)-(3).

---

[1] During the relevant time periods, Wells worked as a Human Resources Coordinator at InterSolutions and Bethea worked as a Staffing Assistant.  *See* Am. Compl. ¶¶ 16, 34.  Both employees were paid on a salary, rather than hourly, basis for these positions.  *Id.*

Although the ultimate decision as to whether an employee is exempt from the FLSA's overtime compensation provisions is a question of law, *see, e.g., Lott v. Howard Wilson Chrysler-Plymouth*, 203 F.3d 326, 331 (5th Cir. 2000), the factors outlined above make it clear that the determination of whether the exemption applies is also a fact-dependent inquiry. *See Harris v. District of Columbia*, 741 F. Supp. 254, 259 (D.D.C. 1990) ("[D]eciding whether an employee is exempt must be a voyage through fact-bound waters."); *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1210 (D.D.C. 1998) (finding that exemptions "require that the court undertake a highly fact-specific inquiry into the tasks and responsibilities of the subject employees"). Moreover, exemption is an affirmative defense for which the employer, not the employee claiming an FLSA violation, bears the burden of proof. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 50 (D.D.C. 2006). Exemptions are to be narrowly construed against the employer. *Corning Glass Works*, 417 U.S. at 196-97.

Because exemption determinations are fact intensive and because plaintiffs are under no obligation to plead facts that establish that an affirmative defense does not apply, the Court cannot dismiss the Amended Complaint unless it is clear beyond a doubt from the face of the Amended Complaint that the narrowly-construed administrative exemption applies. *See Tomney v. Int'l*

*Center for the Disabled*, 2003 U.S. Dist LEXIS 7194, at *20 (S.D.N.Y. Apr. 29, 2003) (declining "[defendants'] invitation – an invitation without accompanying authority – to declare non-exemption a pleading requirement" but indicating that the Court would "not hesitate to dismiss the claim if non-exemption were clear from the face of the complaint").  In this case, based on the facts alleged in the Amended Complaint, the Court cannot definitively determine as a matter of law at this early stage that the administrative exemption applies to plaintiffs or that plaintiffs can prove no set of facts that would entitle them to relief under the FLSA.[2]  *See Donovan v. Pub. Policy Ctr.*, 2006 U.S. Dist. LEXIS 30114, at *24 (D.N.J. May 17, 2006) (denying Rule 12(b)(6) motion and finding that because "[a] determination whether the plaintiffs are exempt as professional or administrative employees is fact intensive and must be made on a case-by-case basis, a conclusion that the plaintiffs are exempt at this early stage of the litigation would be premature"); *Tomney*, 2003 U.S. Dist. LEXIS 7194, at *21 (finding that discovery was needed to make the exemption determination "and

---

[2] Because the standards for applying the administrative exemption under the FLSA and the D.C. Wage and Hour Law are the same, the Court's conclusions as to the FLSA claim also applies to the D.C. claim.  *See Williams v. W.M.A. Transit Co.*, 472 F.2d 1258, 1260 (D.C. Cir. 1972) (noting that the D.C. Act was patterned on the FLSA); *Jones & Assocs. v. District of Columbia*, 642 A.2d 130, 132 (D.C. 1994) (evaluating FLSA administrative exemption in reaching conclusions about whether exemption applied under D.C. law).

thus dismissal of [plaintiff]'s FLSA claim at this stage would be premature").  Accordingly, it is by the Court hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is **DENIED;** and it is

**FURTHER ORDERED** that defendants shall file an answer or otherwise respond to the Amended Complaint by no later than **April 24, 2007.**

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
**          United States District Judge**
**          April 9, 2007**