IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TINA WELLS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 1:06-cv-02033-EGS |
| ) | |
| INTERSOLUTIONS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants InterSolutions, Inc., Drew Golin, and Sara Walder ("Defendants"), through counsel and in response to Plaintiffs' First Amended Complaint, state the following as their Answer.

1. Defendants deny that they wrongfully denied overtime to Plaintiffs in violation of the Fair Labor Standards Act ("FLSA") or D.C. Code § 32-1001, *et seq.*

2. Defendants deny Paragraph 2.

3. Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 3.

4. Defendants lack sufficient information either to admit or to deny the allegations contained in Paragraph 4.

5. Defendants admit Paragraph 5.

6. Defendants admit they have offices and provide staffing services in Washington, D.C., Maryland, Virginia and Pennsylvania.

7. Paragraph 7 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 7.

8. Defendants admit Paragraph 8.

9. Defendants deny Paragraph 9.

10. Paragraph 10 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 10.

11. Paragraph 11 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 11.

12. Paragraph 12 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 12.

13. Defendants admit Paragraph 13.

14. Defendants admit Paragraph 14.

15. Defendants admit Paragraph 15.

16. Defendants admit Paragraph 16.

17. Defendants admit that Paragraph 17 contains some of Ms. Wells' job duties.

18. Defendants admit Paragraph 18.

19. Defendants deny Paragraph 19.

20. Defendants deny Paragraph 20.

21. Defendants admit Paragraph 21.

22. Defendants admit Paragraph 22.

23. Defendants deny Paragraph 23.

24. Defendants deny Paragraph 24.

25. Defendants deny Paragraph 25.

26. Defendants deny Paragraph 26.

27. Defendants deny Paragraph 27.

28. Defendants deny Paragraph 28.

29. Defendants deny Paragraph 29.

30. Defendants deny Paragraph 30.

31. Defendants admit Paragraph 31.

32. Defendants admit Paragraph 32.

33. Defendants admit Paragraph 33.

34. Defendants admit Paragraph 34.

35. Defendants admit that Paragraph 35 contains some of Mr. Bethea's job duties.

36. Defendants admit Paragraph 36.

37. Defendants deny Paragraph 37.

38. Defendants deny Paragraph 38.

39. Defendants deny Paragraph 39.

40. Defendants admit Paragraph 40.

41. Defendants admit Paragraph 41.

42. Defendants deny Paragraph 42.

43. Defendants deny Paragraph 43.

44. Defendants deny Paragraph 44.

45. Defendants deny Paragraph 45.

46. Defendants deny Paragraph 46.

47. Defendants deny Paragraph 47.

48. Defendants deny Paragraph 48.

49. Defendants deny Paragraph 49.

50. Defendants deny Paragraph 50.

51. Defendants deny Paragraph 51.

52. Defendants deny Paragraph 52.

53. Defendants deny Paragraph 53.

54. Defendants deny Paragraph 54.

55. Defendants deny Paragraph 55.

56. Defendants deny Paragraph 56.

57. Defendants reincorporate by reference all prior admissions, denials and statements of insufficient information contained in Paragraphs 1 through 56.

58. Defendants admit Paragraph 58.

59. Defendants admit Paragraph 59.

60. Defendants deny Paragraph 60.

61. Paragraph 61 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 61.

62. Defendants deny Paragraph 62.

63. Defendants deny Paragraph 63.

64. Defendants deny Paragraph 64.

65. Defendants deny Paragraph 65.

66. Defendants deny Paragraph 66.

67. Defendants reincorporate by reference all prior admissions, denials, and statements of insufficient information contained in Paragraphs 1 through 66.

68. Defendants admit Paragraph 68.

69. Defendants admit Paragraph 69.

70. Defendants deny Paragraph 70.

71. Paragraph 71 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny Paragraph 71.

72. Defendants deny Paragraph 72.

73. Defendants deny Paragraph 73.

74. Defendants deny Paragraph 74.

75. Defendants deny Paragraph 75.

76. Defendants deny Paragraph 76.

Respectfully submitted,

  /s/  Manesh K. Rath
Manesh K. Rath (D.C. Bar No. 457835)
*rath@khlaw.com*

Keller and Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, D.C.  20001
Tel:  (202) 434-4182
Fax:  (202) 434-4646

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007, a copy of the foregoing was served by CM/ECF software on:

Thomas J. Mikula (D.C. Bar No. 396105)
Adam M. Chud (D.C. Bar No. 468443)
Sarah S. Keast (D.C. Bar No. 493632)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C.  20001
Tel:  (202) 346-4000
Fax:  (202) 346-4999

Susan E. Huhta (D.C. Bar No. 453478)
Carolyn P. Weiss (D.C. Bar No. 480697)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, N.W.
Suite 400
Washington, D.C.  20036
Tel:  (202) 319-1000
Fax:  (202) 319-1010

Counsel for Plaintiffs


    /s/  Manesh K. Rath