IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TINA WELLS, and )
LAWRENCE EVERETT BETHEA II )
                                         )
       Plaintiffs, )
                                         )
v. )      Case No. 06-02033 (EGS)
                                         )
INTERSOLUTIONS, INC., )
DREW GOLIN, and )
SARA WALDER )
                                         )
       Defendants. )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release is entered into by Tina Wells and Lawrence Everett Bethea, II (collectively "Plaintiffs"), and Intersolutions, Inc., Drew Golin and Sara Walder (collectively "Defendants").

WHEREAS on November 29, 2006, Tina Wells filed a lawsuit captioned *Wells v. InterSolutions, Inc.*, No. 06-2033 (D.D.C) (the "*Wells* Action"), which alleged that Defendants failed to pay her overtime wages at the rate of time-and-one-half her regular rate of pay;

WHEREAS Lawrence Everett Bethea II joined the *Wells* Action as a plaintiff on January 24, 2007;

WHEREAS InterSolutions, Inc., Drew Golin and Sara Walder allege that Tina Wells and Lawrence Everett Bethea II were not entitled to overtime wages as they were exempt under law;

WHEREAS, the parties wish to settle the Actions to avoid the uncertainties, costs, and duration of protracted litigation;

THEREFORE, for good and valuable consideration and the promises contained herein, the parties agree as follows:

1. Within 30 days of the Court's approval of this Settlement Agreement, Defendants will deliver to Susan Huhta at the Washington Lawyers' Committee for Civil Rights, 11 Dupont Circle, Suite 400, Washington, D.C. 20036, three checks, made payable as described below, in the total amount of fifty thousand ($50,000), which is a lump sum payment made to avoid further litigation and is received in settlement of all alleged claims and potential claims as described in this Agreement.

    a. Defendants will make a one-time supplemental wage payment of Five Thousand Dollars ($5,000) to Tina Wells. Defendants will withhold appropriate payroll deductions, and issue a W-2 to Ms. Wells with respect to this payment.

    b. Defendants will make a one-time supplemental wage payment of Fifteen Thousand Dollars ($15,000) to Lawrence Everett Bethea II. Defendants will withhold appropriate payroll deductions, and issue a W-2 to Mr. Bethea II with respect to this payment.

    c. Defendants will make a one-time payment of thirty thousand dollars ($30,000) made payable to The Washington Lawyers' Committee for Civil Rights and Urban Affairs for attorneys' fees and costs.

2. In exchange for the promises made in this Agreement, Plaintiffs will unconditionally and irrevocably release and discharge Defendants from any and all past and present civil claims whatsoever. Defendants will unconditionally and irrevocably release and discharge Plaintiffs from any and all actually known past and present civil claims whatsoever.

3. Within five (5) business days of the Court's approval of this Settlement Agreement, Plaintiffs agree to execute and file the Stipulation and Order for Dismissal in the form shown at Attachment A to this Agreement.

4. Plaintiffs agree to abide by the terms of any non-compete agreements they signed during their employment with Defendants. This Settlement shall not, and shall not be construed to, expand or contract the substance or duration of any of Plaintiffs' prior non-compete agreements.

5. Plaintiffs affirm that they have not knowingly disclosed any customer lists, employee lists, or any trade secrets of InterSolutions. Plaintiffs further affirm that, to the extent that they are bound by any otherwise applicable law on trade secrets or by any agreement on trade secrets or confidentiality that they previously entered into with InterSolutions, they remain so bound. This paragraph does not, and shall not be construed to, expand or contract any of the Plaintiffs' confidentiality obligations beyond those established by applicable laws or agreements.

6. Plaintiffs agree to return to InterSolutions, Inc., either before or immediately upon the termination of employment with InterSolutions, Inc., all documents in their possession that identify clients, customers, or employees of InterSolutions. Counsel for Plaintiffs agree to return to InterSolutions, Inc., upon Court approval of this Settlement, any documents in their possession that identify clients, customers, or employees of InterSolutions, including the documents provided by Defendants' counsel during settlement discussions.

7. By signing this Agreement, the parties represent and warrant that they are accepting the Agreement and each of its terms and provisions, as a free and voluntary act,

without coercion or duress from any person or organization. The parties further represent that they are aware of their right to consult an attorney before executing this Agreement and have had ample time and opportunity to review and consider the Agreement and to obtain such advice or assistance as they desire before executing the Agreement.

8. This Agreement shall be construed in accordance with and governed by the laws of the District of Columbia.

9. Failure by any of the parties to insist on compliance on any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any time be deemed a waiver or relinquishment of any right or power at any other time or times.

10. The Parties shall refrain from disclosing on any website, either by themselves, through any agent, or by counsel, any of the Parties' home addresses or telephone numbers. Breach of this term shall be deemed a material breach of this Agreement.

11. This Agreement constitutes a good faith settlement for the purpose of resolving all Actions amicably and efficiently and without the necessity for further litigation. As such, this Agreement shall not in any way be deemed or construed as an admission by any Party of any wrongful or unlawful act or omission; or of any violation of any federal, state, or local law; or of any breach of a written, oral or implied contract; or of any act or omission that was unwarranted, unjustified, or otherwise improper. Further, no Party has made any admission of any wrongful or unlawful act or omission, of any violation of any federal, state, or local law, or of any breach of a written, oral or implied contract, or of any act or omission that was unwarranted, unjustified, or otherwise improper. Further,

Defendants are not making payments to compensate the Plaintiffs for the amounts Plaintiffs alleged they were owed in their Amended Complaint. To the extent that any provision within this Agreement could possibly be construed as creating an ambiguity or conflict with this Section, it shall be construed in a manner that is consistent with and in no way limiting the intent and plain meaning of this Section.

12. This Agreement constitutes the entire understanding of the parties and cannot be modified except in writing.

SO ORDERED THIS 13th DAY OF JUNE 2007.

_____
The Honorable Emmet G. Sullivan
United States District Judge

AGREE:

_____  _____6/1/07_____
Tina Wells                      Date

_____  _____6-1-07_____
Lawrence Everett Bethea         Date

_____  _____6/5/07_____
InterSolutions, Inc.            Date

_____  _____6/5/07_____
Drew Golin                      Date

_____  _____6/5/07_____
Sara Walder                     Date